143 So. 10

## NOE v. AUSTIN.

No. 31059.

May 23, 1932.

Rehearing Denied June 20, 1932.

McHenry, Montgomery, Lamkin & Lamkin, of Monroe, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

OVERTON, J.

This is a suit to recover $50,000 damages, with legal interest thereon, from February 27, 1930, until paid, less the amount of principal and interest due on a promissory note, made by G. E. Jordan to the order of defendant, for $8,955.60, for the unlawful conversion of one hundred and twenty-five shares of stock in the Austin-Jordan Oil & Gas Company, Inc., now known, by a change of its name, as the Austin Gas Company, Inc., delivered to defendant by Jordan, as collateral, to secure the payment of the foregoing note.

The note was dated October 1, 1929, and was made payable on or before one year after date to the order of defendant. The note was delivered, with the collateral attached, on September 23, 1929, without inserting its date, and was dated, after delivery, by the payee, as of October 1, 1929.

On the day of the delivery of the note, Jordan, as evidence of a loan made him by plaintiff, executed to the order of plaintiff a promissory note for $4,000, payable four months after date, secured by the pledge of ten shares of stock in the Austin-Jordan Oil & Gas Company, Inc. The act of pledge conferred upon plaintiff, should Jordan fail to pay this note at maturity, the right to pay the note of $8,955.60, given by Jordan to defendant, and to receive the stock, given to secure that note, and, at his option, to take the stock as owner, the note to be, on such taking, discharged.

Jordan communicated notice of the right conferred upon plaintiff to defendant, and, on the same day, defendant wrote plaintiff, agreeing to hold the Jordan note in his favor until maturity, and binding himself, should Jordan fail to pay the note for $4,000, in plaintiff's favor, on its due date, to deliver, upon his request and upon the payment, by plaintiff, of the Jordan note for $8,955.60, with accrued interest, in defendant's favor, the stock certificates, attached to that note as collateral.

Jordan failed to pay the $4,000 note at maturity, and, on February 27, 1930, Jordan wrote defendant, authorizing and directing him to deliver to plaintiff, upon plaintiff's paying the note for $8,955.60, all collateral, attached to the note. Plaintiff saw defendant, and expressed his wish and readiness to pay the note and receive the collateral, but defendant informed plaintiff that he had sold the stock. Plaintiff, so far as appears, at no time tendered to defendant the amount of the note, in legal tender of the United States, in the presence of two witnesses, and demanded delivery of the certificates, or others of the same description.

The sole right that plaintiff acquired to the certificates was the right to make them his own property on paying the note in favor of defendant. If defendant did not appear ready and willing to accept payment and deliver the certificates, or others of the same description, plaintiff, in order to acquire a

further right to them than defendant's letter and his agreement with Jordan gave him, should have made a legal tender of payment to plaintiff. Had defendant then failed to deliver, plaintiff would have been entitled to such damages as he might have suffered.

The record does not disclose a state of facts that would dispense with tender. It is true that defendant had sold the certificates, but it does not follow that he could not have replaced them promptly with certificates of the identical description as those sold by him. Defendant was a large stockholder in the corporation, and might easily and promptly have replaced the certificates. It does not appear that there was a positive or peremptory refusal to receive payment and deliver. In fact, the situation was such, in our view, as to lead to the conclusion that defendant was seeking to avoid, if he could, receiving payment and making delivery, at least, of identically the same description of certificates as those pledged. We think that a tender should have been made. Without it plaintiff had no right to the certificates, and no right the violation of which would give rise to damages.

Defendant has also urged other defenses, which we find it unnecessary to consider. Defendant has also filed a reconventional demand, which was rejected below. This demand is so clearly without merit that we find it unnecessary to notice it further.

The trial court rendered judgment impliedly rejecting plaintiff's demand for damages, but recognizing in plaintiff the right to have delivered to him one hundred and twenty-five shares of stock of the Austin-Jordan Oil & Gas Company, Inc., now known

as the Austin Gas Company, on his paying to defendant the amount of the note in favor of the latter, the right to remain in force for four months from December 13, 1930, and, if the right should not be exercised within that time, then that it should cease, and defendant then be deemed the owner of the certificates.

Defendant, in his answer to the appeal, has asked substantially that the judgment be amended by striking from it the right so recognized in plaintiff. Aside from the fact that plaintiff's demand is not for the recognition of such a right in him, but is one merely for damages, defendant is entitled to the amendment, for we find nothing in the record justifying this part of the decree. That part goes even beyond the rights accorded by the agreement between the parties, by extending the term of the agreement.

The judgment appealed from is amended by striking therefrom said right recognized in plaintiff to have delivered to him said certificates on making said payment, and, as thus amended, it is affirmed, plaintiff to pay all costs.